UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------

PRINCE OF PEACE ENTERPRISES, INC..
      Plaintiff,

-against-.

TOP QUALITY FOOD MARKET, LLC, et al

      Defendants
-----------------------------------------------------------X
MADISON ONE ACME, INC., a California
corporation, d/b/a SOLSTICE MEDICINE CO.,
      Plaintiff,

-against-.

PRINCE OF PEACE ENTERPRISES, INC., and
KENNETH YEUNG, an individual of California,
a/k/a YING SHUI YEUNG

      Defendants
-----------------------------------------------------------

2007 Civ. 0349 (RJH)

2007 Civ. 6195 (RJH)

JOINT CONSENT
SCHEDULING ORDER
&
JOINT RULE 26(f)
REPORT

## JOINT CONSENT SCHEDULING ORDER AND

## JOINT RULE 26(F) REPORT

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, a conference was held on August 24, 2007 and was attended by Po Yuen, attorney for Prince of Peace Enterprises, Inc., ("POP") and Vern Schooley, attorney for Defendant Madison One Acme, Inc. ("Madison One"). Xian Feng Zou, attorney for Defendants, A & C Supermarket Inc., Favor Food Inc., Tu Chin Lin, Xuiyan Huang, and Yinghai Shi (A & C and Favor Food) did not attend the conference, but had a full opportunity to have input in this order..

45516.1

Counsel for the parties discussed the issues called for under Rule 26(f), Federal Rules of Civil Procedure and the Scheduling Order Requirements issued by the Court on July 23, 2007. The parties' joint consent scheduling order and joint report is set forth below.

### Summary of the Case

The instant case is one sounding in trademark infringement/non-infringement, false designation of origin, false description and representation, federal and state trademark dilution, unfair competition, trade libel, false advertising, intentional interference with prospective business advantage, and defamation. On January 16, 2007, Plaintiff POP filed suit against various parties contending trademark infringement, false designation of origin, false description and representation, federal and state trademark dilution, and unfair competition arising from the sale of Po Chai Pills purchased by the foreign manufacturer and sold in the United States. On March 9, 2007, Plaintiff POP filed its First Amended Complaint naming Madison One as a defendant. On April 20, 2007, A & C and Favor Food filed its Answer to Amended Complaint and Counterclaim asserting Affirmative Defenses of failure to state a cause of action on which relief can be granted, Defendants have not participated in wrongful acts, and Lack of Standing and asserting the Counterclaim for Wrongful Seizure. On August 27, 2007, Madison One filed its Answer to the First Amended Complaint asserting Affirmative Defenses of Lack of Standing, Non-Infringement, No False Designation of Origin and No False Description and Representation, No Dilution, No Common Law Unfair Competition and asserting Counterclaims for Trade Libel, Unfair Competition, False Advertising, Intentional Interference with Prospective Business Advantage, and Defamation. Additionally, Defendants A & C and Favor Food have submitted a Cross-Motion for dismissal of the Complaint on May 2, 2007 which the Court is considering.

1.  **Scheduling Order Point 1(a): Case Description – Attorneys of Record**

The attorneys of record are as follows:

   A.   For Plaintiff/Counter-Defendant POP:

   Po W. Yuen, Esq. (Lead Counsel)
   Yuen & Yuen
   132 Nassau Street, Ste. 1300
   New York, NY 10038
   Phone: (212) 608-1178
   Fax:   (212) 608-2913
   Email: powyuen@yahoo.com


   David J. Hoffman, Esq., (DH7605)
   29 Broadway, 27th Floor
   New York, NY 10006
   Phone: (212) 425-0550
   Fax:   (212) 796-3545
   Email: djhoffman@djhoffmanlaw.com


   B.   For Defendant/Counter-Claimant Madison One:

   Lead Counsel:

   Vern Schooley, Esq.
   I. Morley Drucker, Esq.
   Jessica L. Brookhart-Knost, Esq.
   Fulwider Patton LLP
   200 Oceangate, Ste. 1550
   Long Beach, CA 90802
   Phone: (562) 432-0453
   Fax:   (562) 435-6014
   Email: vschooley@fulpat.com
          mdrucker@fulpat.com
          jknost@fulpat.com

   Local Counsel:

   Timothy J. Kelly, Esq.
   FITZPATRICK, CELLA, HARPER & SCINTO
   30 Rockefeller Plaza
   New York, New York 10112-3801
   Phone: (212) 218-2262
   Fax:   (212) 218-2200

5273.145028.1

3

       e-mail: tkelly@fchs.com

  C. For Defendants/Counter-Claimants A & C Supermarket Inc., Favor Food Inc., Tu Chin Lin, Xuiyan Huang and Yinghai Shi

      Xian Feng Zou, Esq.
      Law Offices of Xian Feng Zou
      39-15 Main Street, Suite 303
      Flushing, New York 11354
      Phone: (718) 661-9562
      Fax: (718) 661-2211
      Email: xfzou@aol.com

**2.** **Scheduling Order Point 1(b): Case Description –Federal Jurisdiction**

This Court has jurisdiction over POP's claims pursuant to 15 U.S.C. §§ 1121 and 1331. This Court has supplemental jurisdiction over the claims arising under the statutory and common law of the State of New York pursuant to 28 U.S.C. § 1367(a).

This Court has jurisdiction over Madison One's Counterclaims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331. This Court has jurisdiction over Madison One's Counterclaims that arise under state statutory and common law of the State of California pursuant to 28 U.S.C. § 1367(a), since the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative fact.

**3.** **Scheduling Order Point 1(c): Case Description – Claims & Counterclaims**

POP's claims are as follows:

  A. Trademark Infringement;

  B. False Designation of Origin and False Description and Representation;

  C. Federal Trademark Dilution;

  D. State Trademark Dilution (N.Y. Gen. Bus. Law § 368-L); and

  E. Common Law Unfair Competition.

Madison One's Counter-Claims are as follows:

45516.1         4

      A.    Trade Libel;

      B.    Unfair Competition;

      C.    False Advertising;

      D.    Intentional Interference with Prospective Business Advantage; and

      E.    Defamation.

A & C and Favor Food's Counterclaim are as follows:

      A.    Wrongful Seizure under 15 U.S.C. §1116(d)(11)

**4.**    **Scheduling Order Point 1(d): Case Description – Legal and Factual Issues**

The principal issues in this suit and counter-suit are as follows:

      A.    Federal Trademark Infringement/Non-Infringement of Reg. Nos. 1,840,260; 2,537,896; 3,065,427; 3,122,729; and 3,122,730;

      B.    False Designation of Origin and False Descriptions and Representations;

      C.    Federal Trademark Dilution;

      D.    Dilution (Under Section 368-L of the N.Y. Gen. Bus. Law);

      E.    Common Law Unfair Competition;

      F.    Trade Libel;

      G.    False Advertising;

      H.    Intentional Interference with Prospective Business Advantage;

      I.    Defamation;

      J.    Wrongful Seizure;

      K.    Standing; and

      L.    Damages.

With regard to Federal Trademark Infringement/Non-Infringement, the principal issue is whether Madison One infringes upon Reg. Nos. 1,840,260; 2,537,896; 3,065,427; 3,122,729; and/or 3,122,730. Other issues to be addressed in that regard will include, whether Madison One's Po Chai Pills create a likelihood of confusion; specifically, whether Madison One's Po Chai Pills constitute lawful parallel imports. Another issue to be addressed in this regard is POP's standing to sue under 15 U.S.C. § 1114.

With regard to False Designation of Origin and False Descriptions and Representations, the principal issues are whether Madison One's Po Chai Pills create a likelihood of confusion and/or falsely describe or represent Madison One's goods in the United States, and whether Madison One's Po Chai Pills constitute lawful parallel imports. The issues included under this issue are whether or not Madison One has distributed Po Chai Pills that do not bear required FDA labeling and whether the distribution of such unlabeled products constitute unfair competition.

With regard to Federal Trademark Dilution the principal issues are whether Plaintiff POP has standing to sue for dilution, whether the registrations identified in the First Amended Complaint are famous, whether Madison One's Po Chai Pills constitute lawful parallel imports, and whether Madison One's goods dilute the registrations identified by POP.

With regard to Dilution under New York statutory law, the principal issues are whether Plaintiff POP has standing to sue for dilution, whether the registrations identified in the First Amended Complaint are famous, whether Madison One's Po Chai Pills create a likelihood of confusion, and whether Madison One's Po Chai Pills constitute lawful parallel imports.

With regard to Common Law Unfair Competition the principal issues are whether Madison One's sale of Po Chai Pills constitutes unfair competition and whether Plaintiff POP's

45516.1                                    6

representations and actions to the public and Madison One's customers constitute unfair competition.

With regard to Trade Libel, the principal issue is whether POP has published false statements in its advertisements and letters with respect to Madison One's Po Chai Pills and Yunan Paiyao "Camellia" supplements.

With regard to False Advertising, the principal issue is whether POP has misrepresented the nature and scope of its trademark rights in untrue or misleading advertisements to customers and potential customers of Madison One.

With regard to Intentional Interference with Prospective Business Advantage, the principal issue is whether POP has knowingly interfered with Madison One's prospective business advantage.

With regard to Defamation, the principal issue is whether POP knowingly published false statements in its advertisements about Madison One to the detriment of Madison One.

With regard to damages, the principal issues are the amount of monetary damage suffered by POP and from the alleged infringement, alleged false designation of origin, alleged false description and representation, alleged federal and state trademark dilution, and alleged unfair competition and the amount of monetary damage suffered by Madison One from the alleged unfair competition, alleged trade libel, alleged false advertising, alleged intentional interference with prospective business advantage, and alleged defamation.

With regard to Wrongful Seizure, the Court previously ruled that Plaintiff has failed to show a likelihood of success and its preliminary injunction was denied. Therefore, one of the

5273.145028.1                                             7

principal issue is whether the seizure was wrongful and whether POP acted in bad faith in commencing and executing the seizure, which would subject it to punitive damages.

### 5.  Scheduling Order Point 1(e): Case Description – Relief Sought

Plaintiff POP requests that Madison One be enjoined from distributing Po Chai Pills, whether bearing proper FDA labeling or not. Plaintiff POP also requests an award of money damages that will be computed after receiving discovery as to the nature and scope of Madison One's activities.

Defendant/Counterclaimant Madison One requests that POP be denied all injunctive and monetary relief, that POP be denied all requests for judgment, and that POP take nothing by way of its Prayers for Relief. Madison One requests judgment that Madison One's Po Chai Pills are lawful parallel imports, judgment that Madison One did not engage in trademark infringement, false designation of origin and false description and representation, federal and state trademark dilution, and that Madison One did not engage in common law unfair competition. Madison One also requests judgment that POP lacks standing to sue for federal trademark infringement, federal trademark dilution, and state trademark dilution, that POP has engaged in Trade Libel, Unfair Competition, False Advertising, Intentional Interference with Prospective Business Advantage, and Defamation.

Defendant/Counterclaimant Madison One requests injunctive relief enjoining POP and Yeung from (1) charging or initiating any action for claims alleged in the instant action against Madison One, (2) unfairly competing with Madison One; (3) interfering with the prospective business advantage of Madison One; (4) committing false advertising pertaining to Madison One's business; (5) committing trade libel and/or defamation with respect to Madison One; and (6) engaging in unfair and deceptive trade practices and from injuring Madison One's business reputation.

Finally, Madison One requests monetary damages in an amount yet to be ascertained resulting from POP's acts for which Madison One has counterclaimed, along with enhanced damages, punitive damages, and reasonable attorney's fees, expenses and costs in this action.

In regards to POP's claims, Defendants A & C and Favor Food request that POP be denied all injunctive and monetary relief and that POP's Amended Complaint be dismissed in its entirety. In regards to A & C and Favor Food's claims, Defendant's request that monetary damages be granted including damages for lost profits, cost of materials, loss of goodwill, punitive damages and legal fees pursuant to 15 U.S.C. §1116(d)(11)

### 5. Scheduling Order Point 2: Proposed Case Management Plan

#### A. POINT 2(a): PENDING MOTIONS

There are presently no motions pending with this Court. However, the parties reserve the right to bring motions as warranted by the facts or law. Plaintiff POP intends to move for a preliminary injunction barring the distribution of Po Chai Pills that do not possess proper FDA labeling. Defendant/Counterclaimant Madison One anticipates bringing motion for partial summary judgment regarding infringement/non-infringement false designation of origin and false descriptions and representations, state dilution, and unfair competition.

#### B. POINT 2(b): CUT-OFF DATE FOR JOINDER OF PARTIES

The Parties propose a cut-off date for joinder of parties of March 14, 2008.

#### C. POINT 2(c): CUT-OFF DATE FOR AMENDMENTS TO PLEADINGS

The Parties propose a cut-off date for amendments to the pleadings of March 14, 2008.

#### D. POINT 2(d): PROPOSED DISCOVERY SCHEDULE

1. Discovery Cut-Off Dates:

   (i) Fact discovery: March 14, 2008;

  (ii) Exchange of Expert Reports: April 15, 2008;

  (iii) Exchange of Rebuttal Expert Reports: May 16, 2008;

  (ii) Expert discovery: June 17, 2008.

  (iii) Motion to compel discovery cut-off date: March 7, 2008.

2. Final Motion Cut-Off Date:, July 11, 2008;

3. Pre-Trial Conference Date: July 18, 2008; and

4. Trial Date: August 5, 2008 (duration estimated to be between 3 and 4 days)

### E. POINT 2(e): DEADLINE FOR FILING DISPOSITIVE MOTIONS

The Parties propose a cut-off date for filing dispositive motions of July 11, 2008.

### E. POINT 2(f): DEADLINE FOR FINAL PRETRIAL ORDER

The Parties propose a deadline for a final pre-trial order of April 14, 2008.

### F. POINT 2(g): PROPOSED TRIAL SCHEDULE

The Parties agree to a trial by jury and said jury trial has been so requested. The Parties propose a trial date of August 5, 2008 and anticipate the duration of trial to be between 3 and 4 days.

### 6. Point 3: Consent to Proceed Before a Magistrate Judge

The Parties do not consent to the referral of any or all matters to a Magistrate Judge under 28 U.S.C. § 636 and the Scheduling Order Requirements issued by the Court on July 23, 2007.

### 7. Scheduling Order Point 4: Settlement Discussions

The Parties have engaged in an initial settlement discussion. The Parties believe a settlement conference may be helpful.

### FEDERAL RULE 26(f) CONSIDERATIONS

45516.1

10

### 8.  Rule 26(f)(1): Anticipated Changes to Rule 26(a) Disclosure

The parties propose a deadline for the Initial Disclosure to be September 14, 2007, but do not recommend any changes to the form or requirement for disclosures under Rule 26(a).

### 9.  Rule 26(f)(2): Intended Discovery Plan

The parties agree that the Federal Rules of Civil Procedure should control.

POP intends to take 4 depositions, plus expert depositions, if necessary.

At present, Madison One intends to take a number of depositions in the amount not to exceed the ten permitted under Rule 30(a)(2)(A).

At present, A & C and Favor Food intend to take a number of depositions in the amount not to exceed the ten permitted under Rule 30(a)(2)(A).

The parties propose that fact discovery should proceed for 6 months from the date of the Rule 16 scheduling conference.

Based upon the information presently available to them, Madison One anticipates filing a motion for partial summary judgment on the issues of infringement, false designation of origin and false descriptions and representations, state dilution, and unfair competition. However, the parties reserve the right to bring any other motions as warranted by the facts or law. The parties propose that the cut-off date for filing dispositive motions be two weeks after the close of expert discovery.

The parties further propose that within one month of the fact discovery cut-off date, the parties shall exchange their expert reports on the issues. Within one month thereafter, the parties shall exchange their rebuttal reports. Expert discovery cut-off shall be one month thereafter. In summary, the discovery dates proposed by the parties are as follows:

The parties propose the following dates for discovery:

  A. Initial Disclosures: September 14, 2007;

    B.    Conclusion of Fact Discovery: March 14, 2008;

    C.    Exchange of Expert Reports: April 15, 2008;

    D.    Exchange of Rebuttal Expert Reports: May 16, 2008;

    E.    Conclusion of Expert Discovery: June 17, 2008; and

    F.    Motion to compel discovery cut-off date: March 7, 2008.

Plaintiff anticipates that discovery will be needed on at least the following subjects:

(i)    Whether Madison One has distributed Po Chai Pills bearing registered marks Nos. 1,840,260; 2,537,896; 3,065,427; 3,122,729; and 3,122,730;

(ii)    Whether Madison One has distributed Po Chai Pills that do not bear required FDA labeling;

(iii)    Whether Madison One has falsely represented that it is a legitimate distributor of Po Chai Pills; and

Defendants anticipates that discovery will be needed on at least the following subjects:

(i)    Facts rebutting Plaintiff's allegations of infringement of trademark Registration Nos. 1,840,260; 2,537,896; 3,065,427; 3,122,729; and 3,122,730;

(ii)    Facts rebutting Plaintiff's allegations of false designation of origin and false descriptions and representations;

(iii)    Facts rebutting Plaintiff's allegations of federal and state trademark dilution;

(iv)    Facts rebutting Plaintiff's allegations of common law unfair competition;

(v)    Facts showing that Plaintiff is lacks standing to assert its claims for federal trademark infringement and federal and state trademark dilution;

(vi)    Facts showing that Plaintiff engaged in Trade Libel;

(vii)    Facts showing that Plaintiff engaged in acts of Unfair Competition;

(viii)    Facts showing that Plaintiff engaged in False Advertising;

45516.1    12

(ix) Facts showing that Plaintiff committed Tortious Interference with Prospective Economic Advantage;

(x) Facts showing that Plaintiff engaged in acts of defamation against Madison One;

(xi) Facts relevant to the determination of damages in the event the trademarks identified by Plaintiff are found to be infringed and/or diluted and/or Defendant Madison One is found to have engaged in false designation of origin and false descriptions and representations and/or unfair competition;

(xii) Facts relevant to the determination of damages in the event POP is found to have committed Trade Libel, and/or Unfair Competition, and/or False Advertising, and/or Intentional Interference with Prospective Business Advantage, and/or Defamation.

(xiii) Facts showing that Plaintiff acted in bad faith in commencing and executing the seizures at the premises of A & C and Favor Food.

(xiv) Facts relevant to the determination of damages in the event POP is found to have committed a wrongful seizure.

## 10. Federal Rule 26(f)(3): Discovery of Electronically Stored Information

The Parties agree that electronically stored information will be produced in both electronic and paper forms, if readable in paper form.

## 11. Federal Rule 26(f)(4): Privileged Matter and Protective Orders

The Parties anticipate the entry of a protective order to protect the confidentiality of documents and information exchanged during discovery. It is anticipated by the Parties that a joint proposed protective order will be submitted to the Court for its consideration within two weeks of this report. No other orders are anticipated by the parties at this time.

## 12. Federal Rule 26(f)(5): Limitations on Discovery

5273.145028.1

Pursuant to Rule 26(f)(5), the Parties do not currently propose changes to the limitations on discovery proposed under the Federal Rules of Civil Procedure or this Court's Local Rules. The Parties further propose that no other limitations on discovery should be imposed.

### 13. Federal Rule 26(f)(6): Other

None.

### 14. Federal Rule 26(f)(2): The Parties Propose the Following Dates:

Pursuant to Rule 26(f)(2),(4), and the Order setting the scheduling conference issued by this Court on July 23, 2007, the parties propose a scheduling order under Rules 16(b)(1), 16(b)(2), 16(b)(3), 16(b)(5), and 16(b)(7) with the following dates:

A. Discovery Cut-Off Dates:

    (i) Fact discovery: March 14, 2008;

    (ii) Exchange of Expert Reports: April 15, 2008;

    (iii) Exchange of Rebuttal Expert Reports: May 16, 2008;

    (iv) Expert discovery: June 17, 2008; and

    (v) Motion to compel discovery cut-off date: March 7, 2008.

B. Deadline for Joinder of Additional Parties to Amend the Pleadings: March 14, 2008;

C. Final Motion Cut-Off Date:, July 11, 2008;

D. Pre-Trial Conference Date: July 18, 2008;

E. Deadline for a Final Pre-Trial Order: April 14, 2008; and

F. Trial Date: August 5, 2008 (duration estimated to be between 3 and 4 days).

Respectfully Submitted

Date:

_____
Po W. Yuen, Esq., (2297)
Attorneys for Prince of Peace Enterprises, Inc.
Yuen & Yuen
132 Nassau Street, Suite 1300

45516.1

14

New York, NY 10038
(212) 608-1178


David J. Hoffman, Esq., (DH7605)
Attorney for Prince of Peace Enterprises, Inc
29 Broadway, 27th Floor
New York, NY 10006
(212) 425-0550

Date:

_____
Timothy J. Kelly, Esq., (TK 8241)
Attorney for Madison One Acme, Inc.
Fitzpatrick, Cella, Harper & Scinto
30 Rockefeller Plaza
New York, New York 10112-3801
212-218-2100


FULWIDER PATTON LLP
Vern Schooley
I. Morley Drucker
Jessica L. Brookhart-Knost
Attorneys for Madison One Acme, Inc.
200 Oceangate, Suite 1550
Long Beach, CA 90802
562-432-0453

Date: 10/4/07

_____
Xian Feng Zou, Esq., (x25458)
Attorney for A & C Supermarket Inc., Favor Food Inc., Tu Chin Lin, Xuiyan Huang and Yinghai Shi,
39-15 Main Street, Suite 303
Flushing, NY 11354
(718) 661-9562

5273.145028.1

15

## CERTIFICATE OF SERVICE

I, Timothy J. Kelly, hereby certify that a true and correct copy of the JOINT CONSENT SCHEDULING ORDER AND JOINT RULE 26(F) REPORT was served on the following counsel of record on this the 4th day of October 2007, by First Class Mail, postage prepaid:

David John Hoffman, Esq.
LAW OFFICE OF DAVID J. HOFFMAN
29 Broadway, 27th Floor
New York, NY 10006

Po W. Yuen, Esq.
YUEN & YUEN
132 Nassau Street, Suite 1300
New York, NY 10038

James Newell Blair, Esq.
SNOW BECKER KRAUSS P.C.
605 Third Avenue
New York, NY 10158

Ronald Takyan Cheung, Esq.
LEE & CHEUNG, PLLC
401 Broadway, Suite 1708
New York, NY 10013

John J. Kralik, IV, Esq.
KRALIK AND ASSOCIATES
650 North Sierra Madre Avenue, Suite 302
Pasadena, CA 91107

Lois Moonitz Jacobs, Esq.
KRALIK AND ASSOCIATES
650 North Sierra Madre Avenue, Suite 302
Pasadena, CA 91107

Xian Feng Zou, Esq.
LAW OFFICE OF XIAN FENG ZOU
39-15 Main Street, Suite #303
Flushing, NY 11354

_____
Timothy J. Kelly